Case 1:26-cv-03253-CM   Document 18   Filed 05/01/26   Page 1 of 3



**57 West 57th Street, 3rd & 4th Floors, Manhattan, NY 10019**
**T:** +1 (917) 858-8018 | **E:** smu@whitewoodlaw.com
**W:** whitewoodlaw.com

May 1, 2026
The Honorable Colleen McMahon
Courtroom 24A
United States Courthouse
500 Pearl Street
New York, New York, 10007

Re:   Request for Leave to Conduct Expedited Discovery and to Serve Motion for Preliminary Injunction via Electronic Means - Case 26-cv-3253 *Milwaukee Electric Tool Corp. v. The Individuals, Corporations, Limited Liability Companies, Partnerships and Unincorporated Associations Identified on Schedule A to the Complaint*

Dear Judge McMahon,

Plaintiff respectfully requests leave to conduct expedited discovery on platforms to obtain Defendants' contact information including Defendants' complete business names, emails and physical addresses. In conjunction, Plaintiff requests permission to serve Motion for Preliminary Injunction with any supporting documents via electronic means.

"A party may seek expedited discovery before the Federal Rules of Civil Procedure Rule 26 (f) conference when authorized by a court order." *Next Phase Distrib., Inc. v. John Does 1-27*, 284 F.R.D. 165, 171 (S.D.N.Y. 2012) (citing Fed. R. Civ. P. 26(d)(1)). "Courts in this District use a flexible standard of reasonableness and good cause when considering whether to grant an order." Cengage Learning, 2018 WL 2244461 at *4 (citing *Next Phase Distrib.*, 284 F.R.D. at 171). Courts have broad power over discovery and may permit discovery to aid in the identification of unknown defendants. See Fed. R. Civ. P. 26(b)(2).

Plaintiff requests expedited discovery to identify the true names, contact information, Defendants use for their operations. The expedited discovery requested is narrowly tailored and limited to information necessary to identify Defendants and serve them with process.

As a preliminary matter, Plaintiff is unable to serve any Defendants by 5 PM on Thursday, April 30 because Defendants are located overseas. Service of China-based Defendants via Hague Service Convention can take at least 4 - 6 months to 2 years based on multiple resources[1]. Defendants provided incomplete addresses on the platform where they operate, which necessitates the need to conduct expedited discovery from the third-party platform(s). Plaintiff respectfully requests that within **seven business days** upon Plaintiff's request, the third-party platform provide

---

[1] https://harris-sliwoski.com/chinalawblog/serving-process-on-chinese-defendants-hague-service-in-china-and-the-new-rules-on-judgment-enforcement/; https://www.haguelawblog.com/2018/06/removal-timing-hague-service-convention-requests-real-world/; https://judicialsupport.com/china-hague-service-convention/; https://www.americanbar.org/groups/litigation/resources/newsletters/international-litigation-dispute-resolution/service-process-china-tips-tricks-traps/

1

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/4/2026



**57 West 57th Street, 3rd & 4th Floors, Manhattan, NY 10019**
**T:** +1 (917) 858-8018 | **E:** smu@whitewoodlaw.com
**W:** whitewoodlaw.com

Defendants' complete business names, emails and physical addresses, and all other contact information provided by Defendants to the third-party platforms where Defendants operate.

Plaintiff is aware of the *Smart Study* decision in the Second Circuit Court that default judgment cannot entered if China-based Defendants are not served via Hague Service Convention. *Smart Study Co. v. Shenzhenshixindajixieyouxiangongsi*, 164 F.4th 164, 166 (2d Cir. 2025). However, *Smart Study*'s Holdings do not invalidate the court's exercise of jurisdiction to grant plaintiffs' motions for temporary injunctive relief by permitting electronic service. "[T]he Second Circuit acknowledged in *Smart Study*, Article 15(3) thereof 'preserves a judge's authority to 'order, in case of urgency, any provisional or protective measures.'" *Fox Corp. v. Media Deportes Mex., S. de R.L. de C.V.*, No. 25-cv-6703 (JSR), 2026 LX 77159, at *18-19 (S.D.N.Y. Feb. 17, 2026) citing *Smart Study*, 164 F.4th at 167 (quoting Hague Convention, art. 15(3)). "Article 15(3) does not impose any requirements regarding the form of service, electronic or otherwise, that is required before a court may order such measures." *Id*. Hague Service Convention "authorizes special forms of service in case of urgency if convention methods will not permit service within the time required by the circumstances." *Id*. citing Fed. R. Civ. P. 4(f)(3).

"A temporary restraining order seeks to preserve the status quo until a court holds a hearing for a preliminary injunction, and a preliminary injunction does the same until a court renders a decision on the merits." *Id*. at 20. Many courts have allowed electronic service upon defendants located in countries that have objected to Article 10 of the Hague Service Convention because TRO and preliminary injunction are issued as provisional measures. *King Spider LLC v. 884886 CH Store*, No. 23 Civ. 3472, 2024 U.S. Dist. LEXIS 228993 (S.D.N.Y. Dec. 17, 2024). *Lonati S.p.A. v. Soxnet, Inc.*, No. 20 Civ. 5539, 2021 U.S. Dist. LEXIS 263356, 2021 WL 9839476, at *3 (C.D. Cal. Sept. 20, 2021) (finding "urgency exception of Article 15 of the Hague Convention" met where plaintiff "establish[ed] irreparable harm"); *Seiko Epson Corp. v. Dongguan Ocbestjet Digit. Tech. Co., Ltd.*, No. 22 Civ. 4123, 2023 U.S. Dist. LEXIS 218012, 2023 WL 8254471, at *4 (C.D. Cal. Apr. 18, 2023) (concluding that "Article 15 does not preclude entry of default" where court authorized alternative service and plaintiff faced risk of irreparable harm); cf. *NOCO Co. v. Liu Chang*, No. 18 Civ. 2561, 2019 U.S. Dist. LEXIS 83085, 2019 WL 3135665, at *5 n.23 (N.D. Ohio May 16, 2019) (noting that "Hague Convention does allow interim relief in cases of urgency," pending usual Hauge convention service); *D Squared Plant Traps LLC v. Guandong Bixing Trading Co., Ltd.*, 716 F. Supp. 3d 352, 357-58 (W.D. Pa. 2024) (holding that plaintiff had failed to establish "factual basis" for "urgency exception," which, if applicable, permits "alternative service under Rule 4(f)(3).").

Here, Plaintiff is seeking provisional measures and sufficiently established irreparable harm should the preliminary injunction not issue. Requiring Plaintiff to serve via Hague Convention will invalidate preliminary relief because Plaintiff would not be able to serve the notice of Motion for Preliminary Injunction promptly as even the Second Circuit also acknowledged that Hague Convention service is often not "as efficient and fast as domestic service in the United States" and that Article 15(3) is the "safety valve" that is appropriately limited to the issuance of "provisional or protective measures." *Fox Corp*. at *31.

2

Case 1:26-cv-03253-CM    Document 18    Filed 05/01/26    Page 3 of 3



**57 West 57th Street, 3rd & 4th Floors, Manhattan, NY 10019**
**T:** +1 (917) 858-8018 | **E:** smu@whitewoodlaw.com
**W:** whitewoodlaw.com

Therefore, Plaintiff respectfully requests leave to conduct expedited discovery to ascertain Defendants' business names, email and physical addresses in order to serve Defendants with Complaint, summons and other legal documents.

Plaintiff requests that within **seven business days** upon Plaintiff's request, third-party platform shall provide Defendants' complete business names, emails and physical addresses, and all other contact information to Plaintiff's counsel.

At this juncture, Plaintiff also requests permission to serve the motion for preliminary injunction and supporting documents via electronic means on Defendants

Dated: May 1, 2026                     Respectfully submitted,

                                        */s/ Shengmao Mu*
                                        Shengmao Mu
                                        NY No. 5707021
                                        **WHITEWOOD LAW PLLC**
                                        57 West 57th Street, 3rd and 4th Floors
                                        New York, NY, 10019
                                        Telephone: (917) 858-8018
                                        Email: smu@whitewoodlaw.com

                                        *Counsel for Plaintiff*

3